588 A.2d 1350

**James F. MILLS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SUPER CITY MANUFACTURING, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided April 5, 1991.

692

Samuel R. DiFrancesco, Jr., Gleason, DiFrancesco, Shahade, Barbin & Markovitz, Johnstown, for petitioner.

Cynthia A. Yeager, with her, David P. Andrews, Andrews and Wagner, Altoona, for respondent.

Before COLINS and PALLADINO, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

James F. Mills (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee which (a) dismissed Claimant's petition for reinstatement of compensation for total disability and (b) reduced Claimant's compensation because Claimant refused reasonable medical services.

Claimant, a welder for Super City Manufacturing (Employer), fractured his wrist on April 16, 1979, and received compensation for total disability pursuant to a notice of compensation payable until August 24, 1980, in the amount of $227.00, the maximum allowable amount. Claimant returned to light-duty work and a supplemental agreement was subsequently filed, suspending benefits.

In the interim, after suspension but before filing the reinstatement petition the denial of which is before us on appeal, Claimant filed a petition for review, and was awarded benefits for partial disability, in the amount of $161.28 per week. It is unclear from the record when and on what basis the referee entered this award.

On November 8, 1985, Claimant filed what he called a reinstatement petition, alleging that his condition had worsened, and seeking compensation for total disability. The referee, instead of increasing Claimant's benefits from partial to total, reduced Claimant's compensation because Claimant refused to have surgery on his wrist. Claimant appealed and the Board vacated and remanded for further

findings and conclusions on the issue of work availability [1] after the proposed surgery and the reasonableness of the recommended surgery.

The referee's second decision incorporates the following relevant findings from his earlier decision:

14. Neither Dr. Katz nor Dr. Wheeling testified that there are significant risks associated with their recommended fusion surgery. To the contrary, their entire testimony shows that neither physician believes that there are significant risks involved.

. . . .

16. The claimant testified that he will not submit to the recommended fusion surgery because he is afraid of such surgery. He testified that he is afraid that the removal of a piece of bone from his hip which would be required to accomplish the fusion might affect his legs.

. . . .

18. The fusion surgery recommended by Dr. Wheeling and by Doctor Katz is reasonable treatment of the claimant's compensable right wrist injury; this surgery should improve the function of the claimant's right wrist by at least fifty percent.

19. The claimant's refusal to submit to the recommended fusion surgery is not reasonable.

Referee's Decision at 4.

In addition, the referee made the following new findings:

5. The Claimant has inactive toxoplasmosis in each of · his eyes.

6. Neither the claimant's cataracts nor his inactive toxoplasmosis are related to his employment by the defendant

1. With respect to the issue of work availability, the referee made the following conclusion of law:

4. In this present matter the defendant did not have the burden of showing that work is available to the claimant.

The Board did not address this issue in its opinion and Claimant did not pursue it on appeal.

or to his compensable injury which occurred on April 16, 1979.

7. Dr. Katzin [sic] does not state in his report that the claimant is not able to work because of his eye problems. . . .

8. The surgery recommended by Dr. Katz and Dr. Wheeling would increase the claimant's ability to work with his right hand by at least fifty percent.

. . . .

10. The claimant did not submit evidence to show that his compensable disability has worsened since he became partially disabled on February 10, 1982 as found by Referee Moraca.

11. The claimant did not show that he is totally disabled because of medical problems other than those related to his compensable injury.

Referee's Decision at 7.

The referee also made the following relevant conclusion of law:

6. Beginning on March 10, 1986, when he was last examined by Dr. Wheeling, the claimant's disability compensation should be reduced to fifty percent of compensation payable to him for total disability because of his refusal to accept reasonable treatment of his compensable injury as required by Section 306(A) of the Workmen's Compensation Act.

Referee's Decision at 8.

He then entered an order reducing Claimant's disability compensation to $113.50.

On appeal,[2] Claimant raises the following issue: whether Claimant is required to undergo medical treatment when he

2. Our scope of review of an order of the Workmen's Compensation Appeal Board is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *SEPTA v. Workmen's Compensation Appeal Board (Scott),* 136 Pa.Commonwealth Ct. 98, 582 A.2d 421 (1990).

suffers multiple non-work related disabilities that alone render him unemployable.

■ The standard for determining whether Claimant's refusal to accept medical services was reasonable is whether the services themselves were reasonable, not whether Claimant's refusal was reasonable. *Muse v. Workmen's Compensation Appeal Board (Western Electric Company)*, 514 Pa. 1, 522 A.2d 533 (1987). In *Muse*, the supreme court stated the following:

> The words of the statute could not be clearer, or its obvious purpose better served than by the words used. They are simple and direct. If one refuses reasonable medical service, they 'shall forfeit all rights to compensation for *any injury* or any increase in his incapacity shown to have resulted from such refusal.' 77 Pa.S. § 531(4).

*Id.*, 514 Pa. at 8, 522 A.2d at 536 (emphasis in original).

Claimant argues that *Muse* is inapplicable here because Claimant suffers multiple disabilities unrelated to his compensable injury and is unemployable because of his age, education, and previous work experience.

In support of these arguments, Claimant cites *Joyce Western Corp. v. Workmen's Compensation Appeal Board (William P. Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988). *Joyce* can be distinguished because it is a case involving a specific loss. However, in *Joyce*, the supreme court explained its holding in *Muse*, and set forth the following rule:

> The issue of what constitutes 'reasonable' surgery in a particular case will, of course, constitute a factual inquiry which will be conducted by a referee. If the evidence establishes that the recommended surgery involves *minimal risk* to the patient and offers a *high probability* of success, the proposed surgery is reasonable. . . .

*Id.*, 518 Pa. at 202, 542 A.2d at 996 (emphasis in original, footnote omitted).

Claimant argues that under *Joyce*, Claimant is not required to undergo surgery when, even if it is successful, Claimant's other disabilities render him unemployable. He argues that even a slight risk renders an operation unreasonable if the Claimant will receive little or no benefit.

However, as the supreme court stated in *Muse*, the statute could not be more clear. Section 306(f) of The Pennsylvania Workmen's Compensation Act[3] states as follows in pertinent part:

> ... If the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal....

Claimant argues that *Muse* and *Joyce* carve out an exception to the statute for situations in which a Claimant suffers other disabilities which alone render him unemployable. Neither case supports such an exception.

 The question of whether treatment is reasonable is limited to whether the treatment presents significant risks to the patient and whether the treatment will be successful. *Joyce*. Treatment is successful if it improves the claimant's work-related injury. Alleviation of the work-related injury is all that can reasonably be expected of medical treatment. Nothing in the Act requires that, in order to be reasonable, the treatment must also cure non-work related disabilities which may hinder a claimant's ability to become employed.

 The Board held that the surgery did not present any significant risk to Claimant, and the surgery would improve the function of Claimant's wrist. Therefore, the surgery was reasonable under the supreme court's analysis of Section 306(f) of the Act as set forth in *Muse* and *Joyce*.

**3.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(4).

Claimant does not dispute that any of those findings are supported by substantial evidence in the record.

Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, April 5, 1991, the order of the Workmen's Compensation Appeal Board on the above-captioned matter is affirmed.