650 A.2d 1120

**Anna M. BURKEY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (INFORMATION NETWORK SYSTEMS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 19, 1994.

Decided Nov. 7, 1994.

322

Peter J. Verderame, for petitioner.

Annabelle R. Cedar, for respondent.

Before PELLEGRINI, and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Anna M. Burkey (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting Claimant's claim petition and awarding compensation for a closed period from December 28, 1988 through July 19, 1989. The referee suspended benefits effective July 20, 1989, based on a finding that

Claimant had refused reasonable and necessary medical treatment.[1] We reverse.

The following facts are not disputed for purposes of this appeal. On January 5, 1988, Claimant sustained a work-related injury to her arm and shoulder during the course of her employment with Information Network Systems (Employer). Claimant sought treatment that evening from Evelyn D. Witkin, M.D., a board licensed orthopedic surgeon, who, following a more conservative course of treatment, ultimately recommended surgery.

Invoices and accompanying reports regarding Claimant's medical treatment were sent regularly to Employer. Employer made an initial payment to Dr. Witkin, then ceased paying Claimant's medical bills without challenging the reasonableness or necessity of the treatment and without explanation.

Claimant gave timely notice to Employer of her injury. Claimant continued working until December 29, 1988, at which time she became disabled. Claimant was terminated by Employer in January 1989.

Claimant filed a petition for compensation on March 6, 1989. Employer filed a timely answer denying every allegation in Claimant's petition,[2] and the case was assigned to a referee.

During the course of hearings, Claimant testified regarding the circumstances of her injury and resulting disability. Claimant presented the deposition testimony of Dr. Witkin, who opined that Claimant was totally disabled. Employer presented the deposition testimony of Richard J. Mandel,

1. Section 306(f)(4) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736 *as amended*, 77 P.S. § 531(4), provides in part: "If the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, ... he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal." (Section 306(f) was amended in July 1993 and renumbered as Section 306(f.1).)

2. In its answer, Employer denied that the nature of its business was commercial computer sales and that Claimant was employed as a purchasing agent; Employer conceded these facts at the first hearing on May 9, 1989.

M.D., who is also board certified in orthopedic surgery and who examined Claimant on July 25, 1990. Dr. Mandel testified that Claimant was not disabled and is capable of returning to work. He also opined that Claimant's pain did not warrant surgery.

 In a decision dated June 23, 1992, the referee found that Claimant had met her burden of proving that she became disabled on December 28, 1988, and remained disabled, as the result of a work-related injury. The referee ordered Employer to pay compensation, medical bills, interest, attorney's fees and costs.[3] However, the referee found that Claimant refused reasonable and necessary medical treatment as of July 20, 1989, when Dr. Witkin first suggested surgery, and ordered benefits suspended as of that date.

Claimant appealed to the Board, asserting that she had not refused reasonable medical treatment and that the referee's finding on this issue was not supported by substantial evidence. Claimant also alleged that the referee erred in failing to award certain costs. The Board agreed with the latter contention, assuming that the referee's failure to award those

---

**3.** A reasonable sum for attorney's fees and other costs is awarded to a successful claimant pursuant to Section 440 of the Act unless the employer establishes a reasonable basis for the contest. In awarding attorney's fees to Claimant, the referee concluded as a matter of law that the basis for Employer's contest was unreasonable. *Poli v. Workmen's Compensation Appeal Board,* 34 Pa.Commonwealth Ct. 630, 384 A.2d 596 (1978).

However, where a claimant fails to request counsel fees, the referee is precluded from assessing attorney's fees *sua sponte. MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.),* 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988). Additionally, the question of what constitutes a "reasonable sum" for such fees is a conclusion of law, dependent upon findings of fact as to the amount and degree of difficulty of the work performed. *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service),* 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991).

We note that, in this case, the record does not reflect a request for counsel fees by Claimant and further, that the referee neglected to make findings as to the reasonableness of the fees she awarded. As Employer did not appeal the award or amount of attorney's fees before the Board, it has waived the right to do so in a subsequent proceeding.

costs was merely an oversight.[4] However, the Board conclud-
ed that the referee's finding that Claimant had refused reason-
able medical treatment was supported by the testimony of
both medical experts and affirmed the referee's decision sus-
pending compensation.

On appeal to this Court,[5] Claimant argues that: 1) the
referee's finding that Claimant refused reasonable medical
treatment is not supported by substantial evidence; 2) the
referee erred in relying on medical testimony taken out of
context; 3) Employer's failure to pay for Claimant's medical
treatment precludes a finding that Claimant refused medical
treatment; 4) Employer's refusal to pay for Claimant's rea-
sonable medical treatment warrants the imposition of a penal-
ty; and 5) the referee erred in retroactively suspending
benefits.

■ Claimant first contends that the referee's Finding of
Fact 11, that Claimant refused reasonable medical treatment
as of July 20, 1989, is not supported by substantial evidence.
After review of the record we agree.

At a hearing on May 9, 1989, Claimant testified that she had
not received payment for medical expenses and continued to
receive reminders of outstanding bills. (N.T. 26.) At a
subsequent hearing on November 7, 1990, Claimant testified
that Dr. Witkin had recommended surgery, and it was Claim-
ant's belief that Dr. Witkin was awaiting the outcome of the
hearings before proceeding with the surgery. (N.T. 5.)

4. In Finding of Fact 13, the referee itemized bills for medical treatment,
totalling $17,292.39, and found them to be reasonable and necessary.
On appeal to the Board, Claimant alleged that the referee erred in not
including five medical bills in that Finding of Fact. In an attempt to
correct what the Board perceived to be an oversight, the Board ordered
the award of all costs set forth in Finding of Fact 13. As Claimant
specifically sought payment for expenses not included in that finding,
the Board's order did not remedy the perceived oversight.

5. Our scope of review in a workmen's compensation appeal is limited
to determining whether an error of law was committed, constitutional
rights were violated, or whether necessary findings of fact are sup-
ported by substantial evidence. Section 704 of the Administrative
Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation
Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436,
550 A.2d 1364 (1988).

Claimant also believed that Dr. Witkin had discharged her from physical therapy because the bill was not being paid. (N.T. 5, 8–9.)

The referee made no determination regarding Claimant's credibility. However, the referee accepted the testimony of Dr. Witkin as competent, credible, persuasive and unequivocal (Referee's decision, p. 1), and Dr. Witkin's testimony directly contradicts the finding that Claimant refused medical treatment.

Dr. Witkin testified that she first recommended surgery to Claimant on July 20, 1989, and suggested, on August 17, 1989, that Claimant continue occupational therapy "until such a time as she is cleared for surgery." (N.T. 28.) Dr. Witkin testified that, as of November 14, 1989, surgical intervention was still being debated and that, on November 30, 1989, she and Claimant were "still awaiting okay for surgical intervention." (N.T. 30.) Again, on January 9, 1990, Dr. Witkin suggested that Claimant "be cleared for surgery". (N.T. 31.) Dr. Witkin also testified that the balance of Claimant's bill, approximately $2100.00, had not been paid. She stated that she continued to forward reports to the insurance company and had received an initial payment, but that payments had since ceased. (N.T. 51.)

On cross-examination, Dr. Witkin testified as follows:

Q. Doctor, did you recommend surgery?

A. I did.

Q. And what was Ms. Burkey's response?

A. She was concerned with getting insurance.

Q. Did she agree to having surgery?

A. Yes, she did.

(N.T. 37.) After describing two different types of surgery, Dr. Witkin was asked:

Q. And [Claimant] is entertaining undergoing either one of these surgeries?

A. Yes.

Q. More invasive surgery?

A. Yes.

(N.T. 38.) [6]

■ Where a determination is based on medical testimony that testimony must be taken as a whole; the final decision on a claimant's entitlement to benefits should not rest upon a few words taken out of context. *Wilkes–Barre City v. Workmen's Compensation Appeal Board,* 54 Pa.Commonwealth Ct. 230, 420 A.2d 795 (1980). Taken as a whole, Dr. Witkin's testimony provides no support for the referee's finding that Claimant refused surgery.

Additionally, we cannot ascertain whether the referee properly focused on the reasonableness of the proposed treatment because the referee made no findings on this issue.[7] A determination that a claimant refused reasonable medical treatment must be based on findings of fact which are supported by substantial evidence; absent such findings, the determination cannot be upheld.

■ Furthermore, the burden of proving that a claimant refused reasonable medical treatment rests with the employer. *Mackintosh–Hemphill, Div. of G. & W. Mfg. Co. v. Workmen's Compensation Appeal Board (Banicki),* 116 Pa.Commonwealth Ct. 401, 541 A.2d 1176 (1988). In this case, Employer's only evidence was the deposition testimony of Dr. Mandel, who opined that Claimant was not disabled (N.T. 22–23), that certain treatment prescribed by Dr. Witkin was not necessary (N.T. 26) and that an open surgical procedure was not warranted. (N.T. 29, 31.) [8] Employer presented no evidence to

6. Inexplicably, the Board cites this very testimony as substantial evidence which supports the referee's finding that Claimant refused the proposed surgery.

7. The focus of Section 306(f)(4) is on the reasonableness of the services offered, not the reasonableness of a claimant's refusal. *Steel City Painting Co. v. Workmen's Compensation Appeal Board (Platko),* 152 Pa.Commonwealth Ct. 270, 618 A.2d 1199 (1992).

8. The Board took this testimony, which was rejected by the referee, to mean that Dr. Mandel concurred that surgery was indicated, and stated that it too supported the referee's finding that Claimant had refused reasonable medical treatment.

establish that Claimant had refused reasonable medical treatment and failed to elicit such evidence on cross-examination.

■ We also agree with Claimant's assertion that a finding that Claimant refused reasonable medical treatment is precluded by Employer's failure to pay for Claimant's reasonable medical services. An employer is required to tender reasonable medical services to an employee injured in a work-related accident before the employee can be disqualified from benefits for refusing treatment. *Abington Memorial Hosp. v. Workmen's Compensation Appeal Board (Wyche)*, 151 Pa.Commonwealth Ct. 258, 616 A.2d 767 (1992), *petition for allowance of appeal granted*, 534 Pa. 641, 626 A.2d 1159 (1993). Additionally, a finding that a claimant refused reasonable medical treatment requires unequivocal evidence that the employer authorized such treatment. *Mackintosh–Hemphill.*

■ Employer has not paid Claimant's medical bills, and the record contains no evidence that Employer authorized the recommended surgery. However, Employer contends that *Abington* is distinguishable because in *Abington* the court specifically found that the employer had refused to pay for medical services, while in this case there was no such adjudication. Employer also asserts that there is no evidence in this case to demonstrate that Employer would have refused to pay for recommended medical treatment once Claimant's injury had been deemed compensable. We find this argument to be without merit; the evidence of record precludes a finding that Employer authorized any treatment which Claimant then refused.

■ Claimant next asserts that Employer's unilateral refusal to pay for medical treatment, without challenging the reasonableness or necessity of the treatment, merits the imposition of a penalty. Employer responds that "[i]t is axiomatic that an employer has no obligation to pay medical expenses" absent a determination that Claimant sustained a work-related injury. (Employer's brief, p. 12.) We find no support for this "axiom". To the contrary, Section 306(f) of the Act provides:

The following schedule of compensation is hereby established:

(1) The employer shall provide payment for reasonable surgical and medical services ... medicines, and supplies, as and when needed.

\* \* \* \* \* \*

(4) ... The provisions of this section shall apply in injuries whether or not loss of earning power occurs.

77 P.S. § 531.[9] Medical benefits under Section 306(f)(1) of the Act are payable without regard to whether a notice of compensation payable or written agreement is issued, since they are payable even where there is no loss of earnings or no compensable disability. There is no waiting period for medical benefits. *See Jackson Township Volunteer Fire Co. v. Workmen's Compensation Appeal Board (Wallet)*, 140 Pa.Commonwealth Ct. 620, 594 A.2d 826 (1991).[10]

In *Moats v. Workmen's Compensation Appeal Board (Emerald Mines Corp.)*, 138 Pa.Commonwealth Ct. 449, 588 A.2d 116 (1991), the court addressed the issue as follows:

It is a clear and unacceptable violation of the Act for an employer to unilaterally refuse to pay a claimant's medical bills. *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991). If an employer disputes the

**9.** The term compensation includes medical benefits. *Workmen's Compensation Appeal Board v. DelCimmuto*, 23 Pa.Commonwealth Ct. 43, 350 A.2d 459 (1976). Section 406.1 of the Act, 77 P.S. § 717, provides that the first installment of compensation is due not later than twenty-one days after the employer has notice or knowledge of the claimant's disability, and further provides for the accrual of ten percent interest on all due and unpaid compensation from the date each installment is due. Interest is allowed on medical expenses from the date the claim is presented. *Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons)*, 105 Pa.Commonwealth Ct. 325, 524 A.2d 1016 (1987), *petition for allowance of appeal denied*, 518 Pa. 644, 542 A.2d 1372 (1988).

**10.** Under the 1993 amendments to the Act, an employer is required to make payments of medical expenses within thirty days of receipt of bills and records from the health care provider, unless the employer disputes the reasonableness or necessity of the treatment by proceedings pursuant to Section 306(f.1)(6) of the Act.

reasonableness or necessity of a claimant's medical bills or treatment, it may petition for review of these matters pursuant to Section 306(f)(2)(ii) of the Act, 77 P.S. 531(2)(ii). The filing of a petition under this section, however, may not act as a supersedeas; and the employer shall be responsible for paying all medical bills incurred during the pendency of the petition. Id. Further, any relief granted an employer pursuant to Section 306(f)(2)(ii) is prospective only as of the date the referee determines that the medical expenses are unreasonable or unnecessary; the employer may not seek reimbursement from the claimant or be relieved from paying past medical bills. Id.; *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990). If an employer has paid medical bills later determined to be unreasonable or unnecessary, it may seek reimbursement from the Supersedeas Fund. *ADIA Personnel Agency v. Workmen's Compensation Appeal Board (Coleman)*, 137 Pa.Commonwealth Ct. 405, 586 A.2d 507 (1991).

*Id.* 138 Pa.Cmwlth. at 453–54, 588 A.2d at 118.

There is no question that an employer is required to pay for reasonable medical services provided to a claimant as and when needed, and this Court has held that penalties were warranted for an employer's failure to pay compensation and medical bills, prior to the issuance of a notice of compensation payable. *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa.Commonwealth Ct. 56, 602 A.2d 446 (1992).

In *Spangler*, the court held that a penalty was warranted based upon the employer's failure to promptly investigate the reported injury, in violation of Section 406.1 of the Act, 77 P.S. § 717.4. In this case, Claimant promptly notified Employer of her injury and resulting disability, Employer received regular reports from Dr. Witkin beginning in January 1988, and Claimant's claim petition was filed on March 6, 1989. As Employer's only evidence was the testimony of a doctor who did not examine Claimant until July 25, 1990, we conclude that Employer also failed to comply with Section 406.1 of the Act.

Employer correctly states that penalties may not be imposed absent a violation of any provision of the Act[11], but the record contains ample evidence establishing that Employer violated the Act in refusing to pay Claimant's medical expenses, failing to file a petition for review, and failing to promptly investigate Claimant's injury. However, Employer correctly asserts that a penalty may not be imposed before notice and hearing is afforded the party accused of noncompliance. *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa.Commonwealth Ct. 458, 402 A.2d 715 (1979). Claimant made no request, either in writing or on the record, that the referee impose a penalty; consequently, no hearing was held on this issue. For this reason, Claimant is not entitled to penalties.

Finally, Claimant argues that the referee also erred in suspending Claimant's benefits retroactively, and again, we agree. First, the referee erred when, after the close of hearings and the receipt of evidence, she decided *sua sponte* to suspend Claimant's benefits on the grounds that Claimant had refused reasonable medical treatment. The referee is empowered to grant only such relief as is actually requested in the filed petition. *Boehm.* We recognize that the form of a petition is not controlling where the facts warrant relief for a *claimant. Id.* In this case, however, Claimant was unfairly prejudiced when the referee looked beyond the pleadings and granted an unsolicited suspension to Employer after hearings concluded, as Claimant was denied any opportunity to object or prepare for such a result.

Employer contends that Claimant failed to raise this issue before the Board and thus has waived the right to raise it before this Court. However, we believe that Claimant sufficiently raised this issue with respect to medical benefits when Claimant argued to the Board that it was error for the referee to exclude certain medical bills from Finding of Fact 13. These items are not included in the record. However, the record indicates that at least one item represents services

11. Section 435(d) of the Act, 77 P.S. § 991(d).

incurred in 1990. As the referee found that Claimant refused reasonable medical treatment as of July 20, 1989, it is likely that the referee's exclusion of these items was intentional, and not, as the Board concluded, a mere oversight. If the referee's exclusion of these bills was intentional, the referee compounded her error, because the relief afforded by Section 306(f)(2)(ii) is prospective only; medical benefits under the Act may be terminated only as of the date of the referee's determination that future benefits are unnecessary and unreasonable. *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1991).

Employer contends that *Loose* is inapplicable because, unlike the claimant in *Loose*, Claimant here was not receiving benefits pursuant to a notice of compensation payable and Employer did not file a petition for review. As medical expenses are payable without the necessity of a notice of compensation payable, this distinction is of no moment. Employer's failure to comply with the provisions of the Act does not render those provisions inapplicable.

Although the referee's errors include granting *sua sponte* an unsolicited suspension of benefits, relying on medical testimony taken out of context, and failing to make findings of fact regarding the reasonableness of the proposed treatment, our decision specifically rests on the conclusion that the referee's finding that Claimant refused reasonable treatment is not supported by substantial evidence.

Accordingly, we affirm that portion of the Board's decision reversing the exclusion of certain medical bills from the referee's award, and we reverse the portion of the Board's decision affirming the referee's suspension of benefits as of July 20, 1989.

## ORDER

NOW, November 7, 1994, the order of the Workmen's Compensation Appeal Board, dated March 7, 1994, is affirmed insofar as it reverses the exclusion of certain medical bills

from the referee's award; the order is reversed as to the suspension of benefits as of July 20, 1989.