Gregory A. SHAFFER, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (WEIS MARKETS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted April 13, 1995.

Decided July 3, 1995.

Publication Ordered Nov. 14, 1995.

Marvin J. Rudnitsky, for petitioner.

R. Burke McLemore, Jr., and Stacy L. Wilson, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Gregory A. Shaffer (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed an order suspending Claimant's benefits effective June 13, 1991 for his refusal of reasonable medical services. The issues presented by Claimant include: (1) whether the Board's finding that Claimant refused reasonable medical services is based upon equivocal testimony; (2) whether the Board erred in finding that Claimant refused reasonable medical services where there was an absence of proof that Claimant was informed of the nature of the treatment or its risks; (3) whether the Board misapplied the principles of *Muse v. Workmen's Compensation Appeal*

*Board,* 514 Pa. 1, 522 A.2d 533 (1987); (4) whether the Board erred in finding a forfeiture where Weis Markets, Inc. (Employer) was not paying for Claimant's medical expenses and had not accepted liability for benefits; and (5) whether Claimant's counsel fees should be assessed against Employer due to an unreasonable contest.

Claimant, a truck driver, was initially injured on December 24, 1986 when he slipped on ice while exiting his truck and suffered a collapsed right lung. He began receiving benefits pursuant to a notice of compensation payable that acknowledged his injury as "back strain and lung collapsed." Claimant returned to light-duty work on March 23, 1987. In September 1988 Claimant was reinjured when he was struck by a 35-to-50-pound box while unloading a truck, which again resulted in a collapsed right lung. Pursuant to an agreement Claimant again received compensation from September 7, 1988 through January 8, 1989. Claimant returned to work from January 1989 until October 1990, at which time he underwent surgery on his right lung to prevent future collapses.[1]

On January 17, 1991, Claimant filed a claim petition, which was later modified to a reinstatement petition. Employer filed an answer, which was later modified to assert the affirmative defense that Claimant had refused all reasonable medical treatment. Hearings were subsequently held at which both parties presented evidence.

The referee accepted the opinion of Claimant's expert, Dr. Leonard W. Sweer, a physician board-certified in pulmonary medicine. Dr. Sweer opined that, although Claimant was no longer disabled due to lung dysfunction, he remained disabled due to pain secondary to the surgical procedure performed in October 1990, which was necessitated by his work injury. On cross-examination Dr. Sweer specifically opined that a cryogenic procedure to deaden the nerve damage caused by Claimant's October, 1990 surgery was reasonable, safe and effective, and that Dr. Sweer would recommend it. Dr. Sweer

---

1. Claimant subsequently returned to light duty for a period of seven days but discontinued work-

ing on September 7, 1991 because of continuing pain and has not worked since.

observed that Claimant's treating physicians and anesthesiologists recommended the cryogenic procedure on or about June 13, 1991. Dr. Sweer noted that Claimant had rejected the treatment because he was afraid of possible side effects, and he instead uses various prescription medications for his pain.

■ In view of the above, the referee issued a decision reinstating Claimant's benefits effective October 27, 1990, but then suspending those benefits effective June 13, 1991 for Claimant's refusal of reasonable medical services. The Board affirmed.[2]

■ Before this Court Claimant contends that the referee erred in determining that he refused reasonable medical services under the *Muse* decision because Employer offered no evidence that the cryogenic treatment proposed for Claimant involved only minimal risk and had a high probability of success. In *Muse* the Supreme Court interpreted Section 306(f) of the Workers' Compensation Act,[3] as requiring that an employer place evidence on the record to show only that the services offered were reasonable, not that the claimant's refusal was unreasonable.[4]

■ In *Mills v. Workmen's Compensation Appeal Board (Super City Mfg., Inc.)*, 138 Pa.Commonwealth Ct. 691, 588 A.2d 1350 (1991), this Court, in applying *Muse,* noted that the question of whether treatment is reasonable is limited to whether the treatment presents significant risks to the patient and whether it will be successful. "Treatment is successful if it improves the claimant's work-related injury." *Id.* at 697, 588 A.2d at 1352–1353.

Dr. Sweer testified that the cryogenic procedure that was recommended for Claimant is generally safe, without a lot of risk, and that he recommends this procedure without hesitation to his patients. Dr. Sweer further testified that this procedure is reasonably likely to clear up Claimant's problem and that Claimant refused because of his fear of possible side effects. With regard to Claimant's contention that he was unaware of the nature of the treatment, Dr. Sweer testified that he had discussed the cryogenic procedure and its side effects with Claimant. Deposition of Dr. Sweer at p. 28.

■ It is within the province of the referee to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley Sch. Dist.),* 82 Pa.Commonwealth Ct. 469, 474 A.2d 1236 (1984). Accordingly, this Court concludes that the referee did not err in determining that Claimant's refusal of the cryogenic procedure constituted a refusal of reasonable medical services under *Muse.*

■ Claimant contends, however, that Dr. Sweer's testimony regarding the cryogenic procedure is equivocal and thus insufficient to support a finding of fact. Claimant also contends that Dr. Sweer's testimony is incompetent because he is a pulmonary specialist, not a pain specialist. In *Kerns v. Workmen's Compensation Appeal Board (Colt Resources, Inc.),* 149 Pa.Commonwealth Ct. 268, 613 A.2d 85 (1992), this Court noted that medical testimony is unequivocal if a medical expert testifies, after providing a foundation for the testimony, that, in his or her professional opinion, he or she believes or thinks a fact exists. Even if a medical expert admits to uncertainty, reservation or lack of information with respect to medical details, the testimony remains unequivocal so long as the expert expresses a belief that, in his or her

2. This Court's scope of review of a decision of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence in the record, whether an error of law was committed or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(4). This section stated that an employee who refuses reasonable medical services forfeits all rights to compensation for any injury or increase in his incapacity resulting from that refusal. Section 306(f) was subsequently amended and renumbered as Section 306(f.1)(8), 77 P.S. § 531(8), by the Act of July 2, 1993, P.L. 190.

4. In the present case, Employer did not present direct evidence on the reasonableness of the proposed treatment but rather elicited this evidence from Dr. Sweer on cross-examination. *See* Dr. Sweer's Deposition at pp. 26–29.

professional opinion, a fact exists. *Id.* at 274, 613 A.2d at 87–88.

 Although the record indicates that Dr. Sweer did express some uncertainty as to some of the details of the procedure itself, this does not render his opinion equivocal as to the reasonableness of the treatment. "Not every statement made by a physician need be expressed with absolute certainty and without reservation." *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward),* 127 Pa.Commonwealth Ct. 587, 593, 562 A.2d 437, 440 (1989). Further, in *Vital Signs Institute, Inc. v. Workmen's Compensation Appeal Board (Burke),* 114 Pa.Commonwealth Ct. 191, 538 A.2d 617 (1988), this Court noted that a physician's specialty does not render the witness' opinion outside that specialty incompetent but merely goes to the weight of the evidence. As a result, this Court concludes that the referee did not err in accepting the opinion of Dr. Sweer.

 Claimant next contends that the referee erred in finding a forfeiture where Employer was not paying his medical expenses and did not authorize the cryogenic procedure. He relies on this Court's recent decision in *Burkey v. Workmen's Compensation Appeal Board (Information Network Systems),* 168 Pa.Commonwealth Ct. 320, 650 A.2d 1120 (1994), where this Court held that an employer who is contesting its liability for a work-related injury and has refused to pay for the claimant's medical services is thereby precluded from asserting that Claimant has refused reasonable medical treatment.

 *Burkey* is distinguishable from the present case. In *Burkey* no evidence was presented to indicate that the claimant had ever refused the suggested surgery. Further, the employer in *Burkey* not only opposed the surgery but did not acknowledge the claimant's injury as compensable and refused to pay her medical bills. In the present case, Employer accepted Claimant's disability as work-related. It is also undisputed that Claimant here, unlike the claimant in

*Burkey,* refused the recommended treatment on the basis that he was afraid of possible side effects and never alleged before the referee that he refused the treatment because of Employer's refusal to pay. In fact, Employer was never requested to pay for the cryogenic procedure because Claimant had already refused to undergo it.[5] The order of the Board is affirmed.

### *ORDER*

AND NOW, this 3rd day of July, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

5. Claimant contends that Employer should be assessed counsel fees due to an unreasonable contest. As noted by Employer, this issue was not raised before the board and is therefore waived. Pa.R.A.P. 1551; *Williams.*