**SEARS, ROEBUCK & CO., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LEAR), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 1997.

Decided Feb. 19, 1998.

Bruce E. Rende, Pittsburgh, for petitioner.

James R. Burn, Pittsburgh, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Sears, Roebuck and Company petitions for review of a July 17, 1997 order of the Workers' Compensation Appeal Board (Board) which reversed a decision of a Workers' Compensation Judge (WCJ) granting Sears' petition to suspend the benefits of Ronald Lear (Claimant) for refusing medical treatment. We affirm the Board's order.

The facts, as found by the WCJ, may be summarized as follows. Claimant injured his back while moving a refrigerator for Sears in 1990, and received total disability benefits pursuant to a notice of compensation payable. He has not returned to work since the injury. Claimant's treating physician, Manual T. Martin, M.D., treated him with pain medication, physical therapy and epidural nerve blocks. In 1991, Dr. Martin referred Claimant to Stuart L. Silverman, M.D., a neurologist. Dr. Silverman diagnosed a disc herniation at L5–S1, and "recommended he have a neurosurgical consultation about a possible disk operation." (Silverman deposition at 7; R.R. at 55a.) In 1992, Dr. Silverman performed an independent medical examination of Claimant, at Sears' request. Dr. Silverman reaffirmed his previous diagnosis and, believing Claimant should have "a

surgical procedure," "recommended that he have a consultation from a neurosurgeon and [see] if they were in agreement that he have a procedure to correct the disc herniation." (Silverman at 10, 11; R.R. at 58a, 59a.) Claimant did not have the surgery. Dr. Silverman also opined that Claimant could not return to his pre-injury employment, but could perform part-time, light-duty work in accordance with a functional capacities form, completed by the physician on February 15, 1993.

On the basis of Dr. Silverman's report, Sears filed a petition to terminate, modify or suspend Claimant's benefits. In the petition, Sears alleged that Claimant has refused and/or is unwilling to undergo reasonable and necessary medical treatment, in violation of Section 306(f.1)(8) of the Workers' Compensation Act (Act),[1] 77 P.S. § 531(8), and that his benefits should be forfeited. The WCJ granted Sears' request for a supersedeas, and Claimant's benefits were suspended as of February 15, 1993. After several hearings and the submission of Dr. Martin's and Dr. Silverman's testimony via deposition transcript, the WCJ issued a decision granting Sears' petition to suspend for Claimant's refusal to undergo surgery and denying its petition to otherwise terminate or modify Claimant's benefits.[2] On appeal, the Board concluded that Sears failed to meet its burden of proving that a reasonable surgical procedure was recommended and refused by Claimant, and so reversed the WCJ's decision. Sears has now appealed to this Court.[3]

On appeal, Sears argues that the Board erred as a matter of law in reversing the WCJ's decision that Sears sustained its burden of proof and in concluding that Sears had failed to offer substantial evidence that a reasonable surgical procedure was recommended for Claimant which he refused to undergo, and in concluding that Sears must "tender" medical services to Claimant. The scope of our review is limited to a determination of whether constitutional rights have been violated, whether errors of law have been committed or whether necessary findings of fact are supported by substantial evidence of record. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Cmwlth. 288, 572 A.2d 843 (1990).

An employer's right to seek a forfeiture of benefits when a claimant refuses to undergo medical treatment that could reduce his disability arises under Section 306(f.1)(8) of the Act, which provides as follows:

> If the employe shall refuse reasonable services of health care providers, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or increase in his incapacity shown to have resulted from such refusal.

77 P.S. § 531(8). As recognized by our Supreme Court, the purpose of this provision is "to provide cure where it can reasonably be done by medical arts for the benefit of the claimant; that he not be handicapped in his health or his prospects for gainful and fulfilling employment." *Muse v. Workmen's Compensation Appeal Board*, 514 Pa. 1, 8, 522 A.2d 533, 537 (1987). He, however, "[w]ho can be cured and won't soon drys sympathy and wearies the most willing helpers." *Id.*

The burden of proving that a claimant has refused reasonable medical treatment rests with the employer. *Burkey v. Workmen's Compensation Appeal Board (Information Network Systems)*, 168 Pa. Cmwlth. 320, 650 A.2d 1120 (1994). A determination that a claimant refused reasonable medical treatment must be based on findings of fact that are supported by substantial evidence. *Burkey.* We have concluded, nonetheless, that surgery is reasonable as a matter of law where the surgery involves minimal risk and a high probability of success. *Kneas v. Workmen's Compensation Appeal Board (Cross Country Clothes)*, 685 A.2d 248 (Pa.Cmwlth.1996), *petition for al-*

---

1. Act of June 2, 1915, P.L. 736, *as amended.*

2. The WCJ found that Claimant's disability had not ceased, and that no work had been made available to him within his restrictions. Sears did not appeal this determination.

3. On September 30, 1997, we issued an order denying Sears' application for supersedeas. (R.R. at 214a.)

*lowance of appeal denied,* 548 Pa. 650, 695 A.2d 788 (1997).

Sears argues, initially, that it presented sufficient evidence to establish that a reasonable surgical procedure was recommended for the Claimant, which he unreasonably refused to undergo.[4] It claims that the Board's conclusion that Sears did not prove that surgery was recommended to Claimant is not supported by substantial evidence. We do not agree.

■ The WCJ in this case found the testimony of Sears' medical witness, Dr. Silverman, more credible and persuasive than Claimant's witness, Dr. Martin. (Finding of Fact No. 6.) Without disturbing that credibility determination,[5] the Board concluded that Dr. Silverman's testimony was not sufficient to support a forfeiture of Claimant's benefits. We concur with the Board's assessment that Dr. Silverman's testimony is insufficient and exhibits a lack of personal knowledge and certainty with regard to the surgical procedure being recommended to Claimant.

Dr. Silverman testified that he never recommended any specific type of surgical intervention, only that Claimant should consult with a neurosurgeon. (Silverman deposition at 14; R.R. at 62a.) He admitted that he did not review any of the neurosurgical reports and refused to answer any questions concerning surgical procedures. As Dr. Silverman testified, "I am not a neurosurgeon, and I don't want to discuss neurosurgical procedures." (Silverman deposition at 18; R.R. at

66a.) Sears, however, did not submit any competent evidence from a neurosurgeon regarding a particular procedure being recommended to Claimant, or to establish that Claimant was ever scheduled for a surgical consultation. To support Dr. Silverman's testimony, Sears relies instead on Claimant's admission that surgery had been recommended to him. Claimant testified that "some of them recommended being operated on for the disc." (N.T. from 7/29/93 at 9; R.R. at 13a.) Again, there is no evidence that Claimant was advised that he should undergo a specific surgical procedure, or even that he was scheduled for the consultation recommended by Dr. Silverman.[6]

To sustain a forfeiture of benefits under Section 306(f.1)(8), which is a serious sanction, Sears must prove more than the general recommendation that Claimant should have "a surgical procedure." Dr. Silverman's testimony, which was the only medical evidence presented by Sears, does not demonstrate that a particular medical treatment was recommended. Clearly, because medical services were not recommended, Claimant could not "refuse" such care within the meaning of Section 306(f.1)(8). We, therefore, agree with the Board that Sears did not meet its burden of proof and conclude that the Board did not err as a matter of law in reversing the WCJ's decision to the contrary.[7]

Sears also argues that the Board erred in concluding that it was required to "tender"

4. Contrary to Sears' argument, Claimant's reasonableness is not at issue. *See Steel City Painting Co. v. Workmen's Compensation Appeal Board (Platko),* 152 Pa.Cmwlth. 270, 618 A.2d 1199 (1992) (the focus is on the reasonableness of the services offered, and not the reasonableness of a claimant's refusal).

5. Of course, credibility determinations are within the exclusive province of the WCJ. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board (Krawczynski),* 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973).

6. In his testimony, Dr. Silverman refers to a 1990 report to Claimant's treating physician, Dr. Martin, from a Dr. Nayak, who apparently recommended surgery for Claimant. This report, however, was not admitted by the WCJ and is not part of the record before us, even though Sears has improperly included it with other deposition

exhibits in the Reproduced Record. As this Court has held:

This material is not part of the original record and is therefore not part of the record on appeal. A paper not of record may not be made of record simply by reproducing it.... This court may not consider or rely upon a matter dehors the record as the basis for its decision.

*DeVore v. Workmen's Compensation Appeal Board (Sun Oil Co.),* 165 Pa.Cmwlth. 615, 645 A.2d 917, 919 (1994), *petition for allowance of appeal denied,* 540 Pa. 606, 655 A.2d 993 (1994), citing *Devore v. Sun Oil Company,* 417 Pa. Superior Ct. 659, 603 A.2d 1083 (1991).

7. Because we conclude that Claimant did not refuse medical treatment, we need not address the issue of whether such treatment was reasonable.

medical services in order to avail itself of Section 306(f.1)(8). Citing *Burkey,* the Board wrote that an employer must "tender" reasonable medical services before a claimant can be disqualified from benefits for refusing that treatment. We agree with Sears, however, that *Burkey* is distinguishable, in that the employer refused to pay the claimant's medical expenses. In this case, Sears has been paying Claimant's medical bills. Payment, however, has never been at issue because, as we have concluded, surgery was not recommended to Claimant.

We conclude that the Board did not err in reversing the WCJ's decision and in determining that Sears failed to meet its burden of proving that Claimant refused reasonable medical treatment. Accordingly, we affirm the Board's order.

### ORDER

AND NOW, this 19th day of February, 1998, the July 17, 1997 order of the Workers' Compensation Appeal Board is affirmed.

LEADBETTER, J., concurs in the result only.