Fred L. GREGORY, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (CUMMINS DIESEL ENGINES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1998.
Decided Sept. 15, 1998.
Publication Ordered Nov. 18, 1998.

Louis M. Tarasi, Jr., Pittsburgh, for petitioner.

Michael E. Flaherty, Pittsburgh, for respondent.

Before FRIEDMAN and KELLEY, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Claimant Fred L. Gregory petitions for review of the October 23, 1997 order of the Workers' Compensation Appeal Board (1) amending the Workers' Compensation Judge's (WCJ's) decision to provide that Employer Cummings Diesel Engines, Inc.'s insurance carrier, Atlantic Mutual Insurance Company, (insurance carrier) is entitled to recoup $27,441.53 in full satisfaction of its subrogation lien;[1] and (2) remanding the case for the insurance carrier to submit the correct subrogation lien amounts to the WCJ for his approval.[2] We affirm.

---

1. The Board noted that "[t]his net amount reflects the credit that Claimant is entitled to for the $5,000.00 payment made to Faith Gregory for her loss of consortium claim." (Board's Decision at 7.)

2. The Board further noted that, "[i]n the event [the insurance carrier] does not submit this information within 30 days to the WCJ, the $71,-020.90 figure shall be affirmed by this Board

The background of this case is as follows. On March 14, 1991, Claimant was injured in the course of employment with Employer while removing a tire from a forklift. He received benefits pursuant to an April 5, 1991 Notice of Compensation Payable. On May 6, 1993, the parties executed a Supplemental Agreement thereby reducing Claimant's benefits due to his return to work and acknowledging that his partial disability benefits were not to exceed 500 weeks. The Board subsequently commuted those partial disability benefits to the amount of $45,000.00.

On October 15, 1992, Claimant and his then wife Faith filed a civil action against Komatsu Forklift Manufacturing Company and several other defendants in the Court of Common Pleas of Allegheny County. This civil action included wife Faith's claim for loss of consortium. On June 1, 1994, Claimant and his wife, who by then were separated, executed a Settlement Agreement with the defendants in the civil action in the amount of $62,500.00. At that time, the wife received $5,000.00 for her loss of consortium claim, Claimant's attorneys received $5,058.00 in costs and $25,000.00 in attorney's fees. Thus, Claimant received a net settlement check in the amount of $27,441.53.

On April 24, 1995, the insurance carrier filed a review petition pursuant to Section 319 of the Workers' Compensation Act,[3] alleging that it was entitled to subrogation against the proceeds Claimant received as a result of the third-party lawsuit. Claimant filed a May 25, 1995 answer denying the allegations of the petition.

The WCJ found that the insurance carrier had a total lien of $71,020.90 and was entitled to subrogation of the entire net amount Claimant received in the lawsuit, which the WCJ found to be $32,441.53 ($62,500.00 gross receipts minus $5,058.47 costs and minus $25,000.00 attorney's fees). The insurance carrier filed a timely appeal of the WCJ's decision, alleging that the determination that its total lien was $71,020.90 was not sup-

ported by substantial competent evidence and averring that the amount instead was $84,942.09.

In the interest of justice, the Board decided to remand the case, in part, to the WCJ in order to permit the insurance carrier a thirty-day opportunity to submit the actual subrogation lien. In addition, the Board rejected Claimant's argument that the insurance carrier owed him $212.21. The Board stated that

> Claimant's "new math" is in effect double-dipping. Defendant by recovering all of the gross settlement proceeds, minus the $5,000.00 loss of consortium claim,[4] is responsible for all of the Attorney's Fees and Costs incurred by Claimant in obtaining that settlement. Defendant by receiving the net amount paid to Claimant by the third-party tortfeasor will in effect be reimbursing Claimant entirely for all legal fees and costs, including those attributable to Faith Gregory's consortium claim. Claimant can not request or is entitled to more than what he has actually paid in Attorney's Fees and Costs.

(Board's Decision at 6.) Claimant's appeal to this Court followed.

∎ On appeal, Claimant presents the issue of "[w]hether a Workers' Compensation Insurance Carrier must reimburse a pro-rata share of attorney's fees and costs to the Claimant when asserting its subrogation interest against a third party settlement entered into by the Claimant." We are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether errors of law have been committed or whether constitutional rights have been violated. *Sears, Roebuck & Co. v. Workers' Compensation Appeal Board (Lear)*, 707 A.2d 618 (Pa.Cmwlth.1998).

In relevant part, Section 319 of the Act provides as follows:

---

upon the Claimant's Petition for Rehearing to us." (*Id.*)

**3.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671.

**4.** Sums allocated to the spouse's loss of consortium claim are not subject to subrogation. *See Dasconio v. Workmen's Compensation Appeal Board (Aeronca, Inc.)*, 126 Pa.Cmwlth.206, 559 A.2d 92 (Pa.Cmwlth.1989).

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. . . .

77 P.S. § 671.

Claimant argues that the Board erred in refusing to determine that Employer owed him $212.21. He arrives at that figure as set forth below:

| 62500.00 | Third–Party Settlement |
| -2404.67 | Wife's Pro-rata Share of Atty. |
| 55095.33 | Fees & Costs [5] |

Claimant contends that since Employer's lien of $71,020.90 exceeds the amount he recovered, it must reimburse 100% of the attorney's fees and costs to recover 100% of his recovery. He then notes that he paid $27,653.80 in attorney's fees and costs to recover $27,441.53. The difference between those two numbers is actually $212.27, which is six cents more than Claimant asserts.

■ The insurance carrier does not dispute that it is required to pay 100% of Claimant's attorney's fees and costs.[6] It contends, however, that the Board correctly determined that Claimant has to pay it $27,441.53 in third-party lawsuit settlement proceeds in order to satisfy the workers' compensation lien. It notes that, whether the lien is determined to be $71,010.90 or $84,942.09, Claimant's $62,500.00 recovery would still fall short of either amount. Thus, it argues that, in a case such as this one, where the lien is not satisfied and there are no future indemnity payments owing, Claimant is not entitled to recoup any portion of the third-party settlement until the lien is satisfied.

We agree with the insurance carrier that there is no amount due and owing to Claimant. As the Board concluded,

[w]hether Defendant is entitled to the net payment received by Claimant, which was $27,441.53 (i.e. $62,500.00 minus $25,000.00 Attorney's Fees, $5,058.47 Attorney's Costs and $5,000.00 Faith Gregory's consortium claim) or the gross payment received by Claimant (minus the $5,000.00 consortium claim), which was $57,500.00, in which case Defendant had to repay Claimant his Attorney's Fees and Costs of $30,058.47, producing a net of $27,441.53, the amount is the same.

(Board's Decision at 6.)

Accordingly, we affirm the Board's order.

### ORDER

AND NOW, this 15th day of September, 1998, the October 23, 1997 order of the Workers' Compensation Appeal Board is hereby affirmed.

---

5. Claimant notes that Mrs. Gregory received $5000.00 for her loss of consortium claim. He contends that she is responsible for attorney's fees and costs of $2,404.67, or 8% of $30,058.47. ($25,000.00 attorney's fees + $5,058.47 costs).

6. "An employer's obligation to pay its proportionate share of recovery expenses relative to the total credit the employer receives is well-settled." *Emanuel v. Workmen's Compensation Appeal Board (Coco Bros.),* 692 A.2d 1182, 1187 (Pa. Cmwlth.1997).