579 A.2d 1010

**Sarah A. KINTER, Executrix for the Estate of Lawrence Kinter, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (R.D. WERNER COMPANY, INC.), Respondents (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided Aug. 28, 1990.

542

Joan D. Mason, Mason & Mason, Meadville, for petitioner.

Michael A. Fetzner, Knox, McLaughlin, Gornall & Sennett, P.C., Erie, for respondent, R.D. Werner Co., Inc.

Before CRAIG, President Judge, SMITH, J., and NARICK, Senior Judge.

CRAIG, President Judge.

Lawrence Kinter (claimant)[1] appeals an order of the Workmen's Compensation Appeal Board affirming a decision by Referee Edward A. Pastewka, which Referee Robert J. Steiner had earlier confirmed, to terminate compensation payable to the claimant. The claimant contends that a conflict of interest on the part of Referee Pastewka tainted the proceedings, so that the claimant should receive compensation up to the date of his death.

The injury-related facts of the case, as found by both referees, are not in dispute. On March 3, 1980, the claimant sustained a work-related back injury in the course of his employment at R.D. Werner Company, Inc. (employer), and received compensation benefits pursuant to a notice of compensation payable.

In August of 1983, the employer filed a termination petition, supported by a physician's affidavit, asserting that the claimant had recovered from his injury as of July 28, 1983. On September 11, 1984, Referee Pastewka issued an interlocutory order granting the employer a supersedeas as of July 29, 1983, pending a decision on the merits.[2]

1. Because of the death of the claimant during the course of this appeal, his estate is now the named petitioner.

2. When the employer filed its termination petition, section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 774, provided that the filing of a petition to terminate a notice of compensation payable, supported by a physician's affidavit, operated as a supersedeas suspending the payment of compensation. However, in *Baksalary v. Smith*, 579 F.Supp. 218 (E.D.Pa.1984), the federal court held that the automatic supersedeas provision of section 413 of the Act violated the Fourteenth Amendment due process rights of workmen's compensation claimants. As a remedial measure, the court directed, in relevant part, that a special supersedeas hearing be conducted for each claimant whose benefits had automatically ceased when his employer, alleging the full recovery of the claimant, filed a termination petition, which was supported by physician's affidavit. *Baksalary v. Smith*, 591 F.Supp. 1279 (E.D. Pa.1984), *appeals dismissed sub nom., Allstate Insurance Co. v. Baksalary*, 469 U.S. 1146, 105 S.Ct. 890, 83 L.Ed.2d 906 (1985).

On January 31, 1986, following a special supersedeas hearing, Referee Pastewka issued a final order terminating compensation as of July 28, 1983. The board affirmed that decision on May 26, 1987.

The claimant then filed a petition for review in this court and a petition for rehearing with the board, alleging that, because Referee Pastewka sought and obtained legal assistance on a private matter from a member of the law firm that is representing the employer, a conflict of interest existed. On June 3, 1988, the board denied the claimant's petition for rehearing on the ground that a referee receiving legal assistance from one member of a 27–member firm does not create a conflict of interest whenever one or more of the other members may represent clients before that referee.

The claimant then filed in this court, in addition to the original petition for review, a petition for review of the board's decision to deny a rehearing before an impartial referee. By order of Senior Judge Kalish, this court consolidated the two petitions on November 3, 1988.

On May 2, 1986, while the claimant was proceeding with his individual appeal, a class action group, which included the claimant, filed a motion in civil contempt in the United States District Court for the Eastern District of Pennsylvania against the Bureau of Workers' Compensation and the City of Erie. In relevant part, the class group asserted that a conflict of interest on the part of Referee Pastewka tainted the special supersedeas hearings he presided over.

As a result of the allegations, the bureau and the class group agreed to a settlement that the bureau provide a new special supersedeas hearing before a different referee for each member of the group. Although the federal court did not approve the settlement, the class group and the bureau agreed to abide by the terms of the settlement, and on October 14, 1988, the bureau scheduled a new special supersedeas hearing for the claimant.

On May 26, 1989, Referee Steiner conducted the new hearing. On November 29, 1989, he confirmed Referee Pastewka's interlocutory order dated September 11, 1984, and granted the employer a supersedeas as of July 28, 1983 (correcting Referee Pastewka's date of July 29, 1983).

However, on August 23, 1989, before Referee Steiner issued his decision, this court ordered that the consolidated case be remanded to the board for the purpose of determining whether Referee Pastewka, by reason of having an alleged client relationship with the law firm representing the employer, was subject to a conflict of interest warranting recusal.

On November 27, 1989, Referee Parker conducted a hearing to resolve the conflict of interest issue. The referee found that, between May, 1982 through September, 1986, Referee Pastewka met three times with a member of the law firm, and that the member wrote three letters on Referee Pastewka's behalf. However, Referee Parker further found that " 'the representation, which was for less than two hours time in a four-year, four-month period was *de minimus* [sic] in terms of time, advice and services rendered.' " (Finding of Fact No. 3.) The board then concluded that there was no conflict of interest warranting the recusal of Referee Pastewka.

The two issues now before this court, as asserted by the claimant, are whether the board erred in concluding that "there was no conflict of interest warranting [the] recusal" of Referee Pastewka, and if so, whether the board erred in terminating compensation payable to the claimant.

*1.*

■ As Referee Parker found, Referee Pastewka obtained legal advice and assistance from a member of the law firm which represented parties appearing before Pastewka in his capacity as a referee. Although Referee Parker found the representation to be de minimis, an administrative body, which necessarily includes its adjudicatory members, must avoid *even the appearance of possible*

*prejudice. Department of Insurance v. American Bankers Insurance Co. of Florida,* 26 Pa.Commonwealth Ct. 189, 363 A.2d 874 (1976), *aff'd,* 478 Pa. 532, 387 A.2d 449 (1978).

■ Because of Referee Pastewka's then-existing relationship with the law firm which simultaneously represented a party before the referee in this worker's compensation case, there was an appearance of conflict of interest or prejudice during the period that the referee had an attorney-client relationship with that firm.

Therefore, the board did commit an error of law in concluding that Referee Pastewka's conflict of interest did not warrant his recusal.

*2.*

■ Although the purpose of our holding on the first issue is to eliminate any possible prejudice by Referee Pastewka against the claimant, we must still determine whether Referee Pastewka's conflict of interest tainted the proceedings to the extent that the claimant would be entitled to compensation up to the date of his death.

On May 26, 1989, Referee Steiner conducted an independent special supersedeas hearing. At this hearing, Referee Steiner heard testimony from a witness for the claimant, reviewed the testimony presented at the initial hearing, and reviewed the medical depositions presented by the claimant and the employer. Although the claimant died on March 9, 1989, before the second hearing, nothing in the record indicates that Referee Pastewka's involvement in the first hearing tainted Referee Steiner's independent and impartial review of the proceedings.

■ Referee Steiner, finding the medical history presented by the employer to be more credible than the medical testimony presented by the claimant, concluded that "the claimant was not disabled from any type of employment as

of July 28, 1983." Because the referee, as factfinder, makes all determinations concerning the credibility and weight of the evidence, *Davis v. Workmen's Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 262, 398 A.2d 1105 (1979), we will not disturb Referee Steiner's findings, which support his conclusion.

Therefore, because the claimant did receive a fair and impartial hearing before Referee Steiner, regardless of Referee Pastewka's involvement in this case, the board did not err in affirming the decision to terminate the claimant's compensation as of July 28, 1983.

Accordingly, the decision of the board is affirmed.

## ORDERS

NOW, August 28, 1990, the orders of the Workmen's Compensation Appeal Board, dated May 26, 1987 and June 3, 1988, No. A–91265, are affirmed.