615 A.2d 927

**Bernadette ALLEN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (The LEATHERCRAFT COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 19, 1992.

Decided Sept. 2, 1992.

Michael N. Silver, for petitioner.

Brian J. Calistri, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

The claimant, Bernadette Allen, appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting the termination petition filed by the employer, The Leathercraft Company, and denying the claimant's review petition for payment of medical services.

The issues in this case are: (1) whether the claimant has recovered from her work-related injury; (2) whether the claimant prevailed in her review petition and is entitled to litigation costs; and (3) whether the referee's failure to disclose a potential conflict of interest necessitates remanding the case for a *de novo* hearing before a new referee.

The facts in this case, as found by the referee, are as follows. The claimant, employed as a sewing machine operator, injured her rib cage on January 9, 1984, while attempting to lift a box. Pursuant to a notice of compensation payable, which identified the claimant's injury as myositis and intercostal neuralgia, the claimant received disability benefits beginning on January 17, 1984.

On May 16, 1984, the employer filed a termination petition alleging that the claimant had recovered from her injury as of May 3, 1984. On December 26, 1985, the claimant filed a review petition alleging non-payment of medical bills. The employer filed an answer admitting refusal to pay any medical expenses for psychotherapy, psychological services, or related medications. In an order dated February 8, 1990, the referee marked the claimant's review petition withdrawn without prejudice. Additionally, pursuant to an agreement between the parties, the referee ordered the consolidation of the employer's petition for termination with the claimant's review petition for payment of medical expenses.

At the hearing, both parties offered testimony from several doctors as to whether the claimant had recovered from her work-related injury and whether the claimant had a psychological disorder resulting from her work injury. In an order dated December 31, 1990, the referee granted the employer's termination petition finding that, as of May 3, 1984, the

claimant had fully recovered from her work-related injury. Additionally, the referee determined that the claimant did not suffer from a psychological injury resulting from her work-related injury. Therefore, the referee denied the claimant's review petition which requested the employer to pay for her psychiatric treatments.

On appeal to the board, the claimant contended that the medical evidence did not support the granting of the termination petition. Additionally, the claimant argued that she is entitled to litigation costs because the employer agreed to pay those bills which were the subject of her review petition. The claimant also stated that, after the referee's hearing, she discovered that the law firm representing the employer had represented the referee on a previous occasion. Hence, the claimant argued that the referee's failure to disclose this previous representation mandated a remand for a *de novo* hearing before a new referee. In an order dated December 23, 1991, the board affirmed the decision of the referee and also determined that the previous representation of the referee by the employer's law firm did not require the referee to recuse himself from this case. This appeal followed.

## 1. Termination Petition

■ In a termination proceeding the employer bears the burden of proving that the claimant's work-related disability has ceased. *Macaluso v. Workmen's Compensation Appeal Board*, 142 Pa.Commonwealth Ct. 436, 597 A.2d 730 (1991). The claimant contends that the testimony of the employer's medical witnesses does not support the referee's finding that the claimant recovered from her work-related injury as of May 3, 1984.

One of the employer's medical experts, Dr. Bachman, an orthopedic specialist, diagnosed the claimant as having costochondritis of the right chest which is also known as rib cage pain. Dr. Bachman testified that he found no objective orthopedic evidence to support the claimant's complaint of rib cage pain. Dr. Bachman testified that the chest and rib x-rays he reviewed were negative. Because Dr. Bachman could not find a cause for the claimant's pain from an orthopedic view, he

suggested that she contact a doctor who specializes in internal medicine. Dr. Bachman testified that, at the time of his examination, the claimant could return to work.

Dr. Rubin, the pulmonary specialist referred to the claimant by Dr. Bachman, agreed with Dr. Bachman's diagnosis of costochondritis. Dr. Rubin also noticed the absence of objective findings to support the claimant's allegations of pain. Dr. Rubin stated that he doubted the validity of the claimant's pain because she responded inconsistently to his palpitations of her rib area. Dr. Rubin found that the claimant had fully recovered from her work-related injury and concluded that the claimant could return to her pre-injury employment as of May 3, 1984.

As the claimant states, the employer's doctors did acknowledge the claimant's subjective complaints of pain. However, the doctors found a lack of objective orthopedic or organic evidence of any residual disability attributable to the claimant's work injury. In *Williams v. Workmen's Compensation Appeal Board,* 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989), this court stated:

> Mere reluctance by a physician to discount a claimant's unconfirmed subjective complaints is not tantamount to an implicit admission that the claimant is not fully recovered from a work-related disability.

After reviewing all the evidence in the record, we agree with the referee that substantial evidence exists to support the finding that the claimant has recovered from her work-related injury and is capable of performing her pre-injury duties as of May 3, 1984.

## 2. Review Petition

■ The claimant contends that, after filing her review petition, which requested that the employer pay her outstanding medical bills for psychotherapy and psychological services, the employer agreed to pay for these medical services. Hence, the claimant contends that she prevailed on the review petition and is therefore entitled to litigation costs. However,

the record discloses that the claimant did not prevail on her review petition.

According to the record, the referee, by agreement of the parties, consolidated the claimant's review petition with the employer's termination petition on February 2, 1990. The claimant states that, at a hearing held on June 1, 1990, the claimant advised the referee that the employer would make payment of all outstanding medical bills which were the subject of the claimant's petition to review. Thus, the claimant contends that the review petition became moot. However, no transcript of this hearing is available. Additionally, the claimant relies on two letters from the employer to the claimant for the proposition that the employer agreed to pay all of the claimant's medical expenses including those expenses relating to psychiatric treatment. Although the claimant included these letters in the reproduced record, the letters are not part of the original record. Thus, contrary to the claimant's assertion, there is no evidence in this record that those matters raised in the review petition were decided before the referee's decision of December 31, 1990 which denied the claimant's review petition. Thus, because the claimant did not prevail in her review petition, she is not entitled to litigation costs.

### 3. Conflict of Interest

After issuance of the referee's decision, counsel for the claimant discovered that the law firm representing the employer had represented the referee in an unrelated legal matter. The claimant contends that the referee's failure to disclose this representation to the claimant's counsel, entitles the claimant to a *de novo* hearing before a new referee.

In *Kinter v. Workmen's Compensation Appeal Board,* 134 Pa.Commonwealth Ct. 541, 579 A.2d 1010 (1990), *appeal denied,* 527 Pa. 595, 588 A.2d 915 (1991), this court determined that a conflict of interest existed in that case because the referee had an attorney-client relationship with the same law firm that represented the employer, a relationship which existed *during the same time period* as these worker compensation proceedings.

In this case, a letter, which is part of the record, states that the law firm represented the referee, as the executor of an estate, from July, 1978 until April, 1984. But the law firm did not enter its appearance on behalf of the employer in these proceedings until February, *1986*.

There was only an insubstantial involvement by the law firm with the estate thereafter. As the above letter also states:

[A] brief exchange of correspondence [occurred] between this firm and Tenneco, Inc. from September 29, 1987 to February 3, 1988 relating to a possible small residual interest which the Estate may have had in Tenneco, Inc. stock. The Estate sold Tenneco, Inc. stock in 1979, and that was accounted for when the estate was adjudicated. Apparently, Tenneco, Inc. discovered that the estate might have been entitled to some additional financial interest and initiated contact with the Estate in this regard. We merely responded to Tenneco, Inc.'s inquiry. No fee was charged by the firm for answering Tenneco, Inc.'s inquiry.

Thus, unlike *Kinter*, no substantial attorney-client relationship existed between the referee and the law firm representing the employer during these worker's compensation proceedings.

## Conclusion

In this case, substantial evidence exists to support the referee's finding that the claimant has recovered from her work-related injury. Additionally, because the claimant did not prevail on her petition for review, she is not entitled to litigation costs. Finally, because there was no conflict of interest in this case, the claimant is not entitled to a *de novo* hearing.

Accordingly, the decision of the board is affirmed.

## ORDER

NOW, September 2, 1992, the order of the Workmen's Compensation Board at No. A–91–0198, dated December 23, 1991, is affirmed.